axiomatic that the actor and his accomplice share equal responsibility for the act.").

■ We have already considered and rejected Lee's challenge to the sufficiency of the evidence supporting the aggravating circumstance of torture. The only remaining aggravating circumstance is that under 42 Pa.C.S. § 9711(d)(10), which provides: "The defendant has been convicted of another Federal or State offense, committed either before or at the time of the offense at issue, for which a sentence of life imprisonment or death was imposable...." Thus, where a defendant commits more than one first degree murder during a given episode, one murder constitutes an aggravating circumstance for the other. *Commonwealth v. Heidnik*, 526 Pa. 458, 587 A.2d 687 (1991); *Commonwealth v. Steele*, 522 Pa. 61, 559 A.2d 904 (1989); *Commonwealth v. Marshall*, 523 Pa. 556, 568 A.2d 590 (1989).

At the commencement of the penalty phase, all relevant and admissible evidence from the guilt phase was incorporated by the Commonwealth, including the verdicts of guilt for two counts of murder of the first degree. (N.T. 5/21/87, 2269). Each murder therefore serves as an aggravating circumstance for the other. Accordingly, there is sufficient evidence in the record to support the jury's finding of this aggravating circumstance.

■ Finally, our review of the record reveals that the sentence imposed by the jury was not the product of passion, prejudice, or any other arbitrary factor. The information compiled by the Administrative Office of Pennsylvania Courts indicates that the sentence imposed in this case is not disproportionate to the sentence imposed in similar cases.

Judgement of sentence affirmed.[12]

CAPPY, J. concurs in the result.

MONTEMURO, J., is sitting by designation.

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

David J. HIRSCH, Respondent.

No. 134 Disciplinary Docket No. 3. Disciplinary Board No. 90 DB 95.

Supreme Court of Pennsylvania.

July 26, 1995.

*ORDER*

PER CURIAM:

AND NOW, this 26th day of July, 1995, there having been filed with this Court by David J. Hirsch his verified Statement of Resignation dated June 26, 1995, stating that he desires to resign from the Bar of the Commonwealth of Pennsylvania in accordance with the provisions of Rule 215, Pa. R.D.E., it is

ORDERED that the resignation of David J. Hirsch be and it is hereby accepted and he is DISBARRED ON CONSENT from the Bar of the Commonwealth of Pennsylvania; and it is further ORDERED that he shall comply with the provisions of Rule 217, Pa. R.D.E. Respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

MONTEMURO, J., is sitting by designation.

---

12. The prothonotary of the Supreme Court is directed to transmit the full and complete record in this case to the Governor. 42 Pa.C.S. § 9711(i).